Gtjlotta, J.
(concurring). I concur with the majority opinion in this ease solely on the second ground, because of the quirk in subdivision (b) of section 404 of the Uniform City Court Act which, in contrast with other courts of limited jurisdiction, allows ‘ ‘ long-arm ’ ’ service to be made only in the county of the court or in an adjoining county. (Cf. UDCA, § 404, subd. [b] and CCA, § 404, subd. [b] both of which permit service in like manner as in a Supreme Court action under CPLE 302, regardless of city or State lines.)
With respect to the holding on the merits, it is my opinion that the case of a defendant soliciting business in this State, followed by furnishing services herein for which the defendant is paid a fee, is not different in principle from a case where merchandise is sent into the State by an out-of-State defendant. The latter activity is sufficient to justify invoking the long-arm juris *245 diction of the court, even though there is no pattern of such activity. (See Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443; Buckley v. Redi-Bolt, 49 Misc 2d 864.)
Hogan, P. J., and Gmckman, J., concur in Per Curiam opinion; Gtjlotta, J., concurs in memorandum.
Order affirmed, etc.